UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Kevin D. Hall,
    Plaintiff

    v.                                    Civil No. 07-cv-332-SM
                                          Opinion No. 2008 DNH 160
Roger Zerba, Commissioner of
Cheshire County; and the
Cheshire County Commissioners,
    Defendants

**O R D E R**

Defendants move to dismiss the complaint on grounds, inter alia, that plaintiff's claims relate to the conditions of his confinement in the Cheshire County Jail, and plaintiff, a prisoner, had not exhausted the administrative remedies available to him before filing the complaint. Plaintiff has filed an objection to the motion to dismiss, but it is not responsive to the issues raised, and, in any event, does not assert that he has exhausted administrative remedies and does not contradict evidence referenced by defendant which demonstrates that he has not done so. It does not appear to be disputed, then, that plaintiff did not exhaust the administrative remedies available to him before he filed his complaint.

The Prison Litigation Reform Act's exhaustion requirement is strict and provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 127 S. Ct. 910, 921 (2007). A defendant who demonstrates lack of exhaustion is entitled to dismissal of the unexhausted claims in the plaintiff's complaint. Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002). And, there is no "futility exception" to the PLRA's exhaustion requirement. Id. at 35. "In other words, even if the prison's administrative process does not provide for the type of relief the inmate desires, the prisoner must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief." Knowles v. Commission, ___ F.Supp. 2d ___, 2008 WL 648737 (D.N.H. March 11, 2008) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

In summary, Hall does not claim that he exhausted available administrative remedies before filing his complaint and defendants have established that he did not. The court then concludes that it is undisputed that the administrative remedies available to plaintiff were not exhausted before he filed suit.

2

Accordingly the complaint must be dismissed (it is not necessary to address the other, apparently meritorious, grounds for dismissal raised in defendants' motion given this disposition).

## Conclusion

Because plaintiff did not fully exhaust the administrative remedies available to him before filing his complaint, defendants' motion to dismiss (document no. 13) is granted.  The Clerk of Court shall enter judgment dismissing the complaint for failure to exhaust available administrative remedies and close the case.  Defendants' pending motions to consolidate (document no. 12) and to conform the docket (document no. 18) are denied as moot.

The Clerk of Court shall enter judgment and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

August 27, 2008

cc:  Kevin D. Hall, pro se
     John A. Curran, Esq.